# Sklar v. SEPTA

*Mayer Horwitz*, for plaintiff.
*Stanley Sinowitz*, for defendant.

LEHRER, *J.*, March 25, 1987—This case presents an interesting question. Defendants the PMA Group, Francis Vesely, t/a FVT Trucking and/or Francis Vesely Trucking and Morris E. Harris raise preliminary objections to the complaint of plaintiff Shirley Sklar alleging the improper joinder of tort and assumpsit causes of action under Pa.R.C.P. 2229(b). These objections will be dismissed for the reasons set forth in this opinion.

This action arose from occurrences on March 4, 1986. Plaintiff's decedent was a passenger on a SEPTA bus and after alighting therefrom was struck by a truck driven by defendant Harris, owned by defendant Vesely and insured by defendant PMA Group. Plaintiff's decedent was uninsured, but sues for non-economic benefits and first party claims under the Assigned Claim Plan.

The moving defendants now move to strike, on the grounds of misjoinder of causes of action, the

entire tort action against Vesely and Harris and the assumpsit cause of action against the PMA Group. Plaintiffs suggest that the joinder is proper under Pa.R.C.P. 2229(b)'s provisions for permissive joinder and cites in support *Berkibile v. Nationwide Insurance Co.,* 6 D.&C. 3d 243 (1977) which presents issues similar to those in the instant action.

To the contrary, the moving party asserts that *Berkibile* supports its position. In *Berkibile v. Nationwide Insurance Co., supra,* plaintiff was permitted, for reasons of judicial economy, to combine in a single action the assumpsit claim against the insurance carrier, which happened to be both plaintiff's and defendant's insurance carrier, and the tort claim against the operator. The *Berkibile* court found that defendant-tortfeasor's potential liability for non-economic detriment under the former Motor Vehicle Financial Responsibility Act (40 P.S. § 1009-101) was not related to any obligation on the part of the insurance carrier under its policy with plaintiffs. However, the *Berkibile* court found that sufficient nexus existed between the tort and assumpsit claims in that tortfeasor-defendant's liability for damages plaintiff might recover under the act was dependent upon what the insurance carrier might be obligated to pay plaintiff.

A similar fact scenario exists in the instant action warranting expansion of permissive joinder as applied in *Berkibile.* In the case at bar, the first party benefits accruing to plaintiff for medical, wage loss or funeral benefits under the current Pennsylvania Motor Vehicle Financial Responsibility law must be sought against the several defendants involved since the decedent was not an insured. A determination, which may involve primary or secondary insurance carriers, will be required as between defendants PMA, SEPTA, and Pennsylvania Assigned

Claims Plan through Travelers Insurance Company as to which defendant is responsible for the payment of first party benefits.

The amount obtained from defendants' insurance carriers may affect the balance recoverable against defendants in the liability action. For example, plaintiff's funeral benefit is in excess of the amount payable as a first party benefit under 75 Pa. C.S. §1711. A commonality in the questions of law or fact exists to affect the liability of the tortfeasor-defendants in this action and defendants brought in under assumpsit claims.

We find therefore that for convenience and in order to avoid unnecessary delay to all parties, it will be appropriate that this action remain as one during the pleading and pre-trial stage. Clearly, defendants will not be prejudiced by joinder of plaintiff's cause of action since the actions may be severed for the purpose of trial under Pa.R.C.P. 13.